UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

|  |  |  |
|---|---|---|
| BRAD ANTHONY WILLIAMS, | ) | |
| | ) | |
| | ) | Civil No. 2:20-cv-00053-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COVINGTON POLICE | ) | **&** |
| DEPARTMENT, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In April 2020, *pro se* plaintiff Brad Anthony Williams filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging excessive force at the hands of four Covington Police Department officers.  [R. 1.]  Because related criminal charges were pending against Williams in state court, this Court stayed the civil rights case.  [R. 8.]  Williams has now been convicted on the state charges, and the stay in the present matter has been lifted.  [*See* R. 33; R. 38-1.]  Two motions to dismiss are pending [R. 37; R. 38], and the time for Williams to respond to those motions has come and gone.  *See* LR 7.1(c) (indicating responses to motions are due within twenty-one days of service).  The Court has reviewed the motions and, for the reasons that follow, will **GRANT** both motions and **DISMISS** Williams's case.

As explained in the Court's prior orders, Williams's complaint describes a dramatic series of events on February 24, 2018, when he claims to have suffered various violations of his constitutional rights.  In short, Williams claims to have accidentally discharged an assault weapon twice—first in the direction of his friend Bob, and later in the direction of the Covington Police Department officers arriving on scene.  According to the complaint, Williams proceeded

to set his gun down and announce that he was unarmed, but he was nevertheless shot by the police six times.  [*See* R. 1.]

The Court reviewed Williams's complaint pursuant to the terms of the Prison Litigation Reform Act and dismissed all of his claims except those for excessive force under the Fourth Amendment.  [R. 8.]  However, the Court stayed further litigation of the excessive force issue until Williams's state criminal charges were resolved.  *Id.*; *Younger v. Harris*, 401 U.S. 37 (1971).  In November 2022, a Kenton Circuit Court jury found Williams guilty of attempted murder, three counts of wanton endangerment, and assault in connection with the events of February 24, 2018.  *See Commonwealth v. Williams*, Case No. 18-CR-00315 (Kenton Cir. Ct. 2018); *Commonwealth v. Williams*, Case No. 18-CR-00316 (Kenton Cir. Ct. 2018); [R. 38-1.] Accordingly, the Court lifted the stay and had the United States Marshals Service effectuate service on the defendants.  All served parties have filed motions seeking dismissal under Federal Rule of Civil Procedure 12(b)(6).  [R. 37; R. 38.]  Williams chose not to respond to the motions.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint.  *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014).  To evaluate a motion to dismiss, the Court considers the complaint in the light most favorable to the plaintiff and accepts all well-pleaded facts as true.  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).  Furthermore, because Williams is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims.  *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

There are two motions to dismiss pending in this case.  In the first motion, Kenton County Judge Executive Kris Knochelmann, who was served with process in his official capacity, indicates Williams's complaint fails to actually allege any facts or make any claims

against Kenton County.  [R. 37.]  Knochelmann further indicates that none of the defendants have ever been employed by Kenton County.  For these reasons, he contends Williams's complaint fails to state a claim upon which relief may be granted against Kenton County.  *Id.* Upon review, the Court agrees and finds Judge Executive Knochelmann's motion to be properly granted.

In the second pending motion, the four Covington Police Department officers named as defendants seek dismissal in light of the statute of limitations.  [R. 38.]  Officers Coulter, Elsbernd, Habermehl, and Winship point out that the events at issue in Williams's complaint occurred on February 24, 2018.  Nevertheless, the complaint was not filed until April 13, 2020. [R. 1.]  Accordingly, they indicate his claims are time-barred.

Kentucky's one-year statute of limitations for personal injury actions applies to claims brought under 42 U.S.C. § 1983.  *See, e.g., Collard v. Ky. Bd. of Nursing*, 896 F.2d 179 (6th Cir. 1990).  Further, under federal law, accrual of a § 1983 claim begins when a plaintiff knows or has reason to know about his injury.  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007).  For excessive force claims, accrual begins on the date the excessive force occurred.  *See id.* Williams's claim, then, began accruing on the date of the incident, February 24, 2018, and the statute of limitations expired one year later.

Because he failed to respond to the motions to dismiss, Williams has given the Court no reason to believe his complaint is not time-barred.  The Court notes that Williams did attempt to file an earlier lawsuit regarding the same allegations as the present matter,[1] but that complaint was filed on December 7, 2019, which was still months past the deadline.  *See Williams v.*

---

[1] The complaint in Williams's first case, which sought equitable relief, was dismissed without prejudice in light of *Younger*.  [*See* R. 8 at 5 (explaining differences between 2019 case and the present one).]

*Covington Police Dept.*, et al., Case No. 2:19-cv-184-DLB (E.D. Ky. 2019).  Thus, the earlier filing gives the Court no pause in its consideration of the dates at issue.

The Sixth Circuit has clarified that the Court may grant a Rule 12(b)(6) motion on statute of limitations grounds where "the allegations in the complaint affirmatively show that the claim is time-barred."  *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013).  "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run."  *Campbell v. Grand Trunk W.R.R. Co*., 238 F.3d 772, 775 (6th Cir. 2001).  "If the defendant meets this requirement, then the burden shifts to the plaintiff to establish an exception to the statute of limitations."  *Id.*  In light of the relevant dates explained above, and the record in this case on the whole, the Court finds the defendants have satisfied their requirement to show that the statute of limitations expired before Williams filed his complaint.  And because Williams has failed to establish an exception, the motion to dismiss should be granted.

For these reasons, the Court hereby **ORDERS** as follows,

1.      Kenton County Judge Executive Kris Knochelmann's motion to dismiss **[R. 37]** is **GRANTED**;

2.      Officers Coulter, Elsbernd, Habermehl, and Winship's motion to dismiss **[R. 38]** is also **GRANTED**;

3.      This matter is **DISMISSED** and **STRICKEN** from the Court's docket; and

4.      Judgment will be entered contemporaneously herewith.

This the 11th day of July 2023.

Gregory F. Van Tatenhove
United States District Judge